IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
NORTHERN DIVISION

| | | |
|---|---|---|
| OWNERS INSURANCE COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. _____ |
| | ) | |
| GEORGE HUTSELL, GEORGE HAWKINS, | ) | |
| SR., TETON TRANSPORTATION, | ) | |
| and JEFF KENLEY, d/b/a TRADEMARK | ) | |
| INVESTMENTS, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

Comes now Plaintiff Owners Insurance Company ("Owners"), by and through counsel, and for its Complaint, states as follows:

1. Owners is an Ohio corporation with its principal place of business in Lansing, Michigan.

2. Defendant George Hutsell ("Hutsell") is a citizen and resident of Morristown, Tennessee, and he may be served with process at 709 East Morris Boulevard, Morristown, Tennessee 37813.

3. Defendant George Hawkins, Sr. ("Hawkins") is a citizen and resident of Clinton, Tennessee, and he may be served with process at 146 Lobster Lane, Clinton, Tennessee 37716.

4. Defendant Teton Transportation, Inc. ("Teton") is a Tennessee corporation with its principal place of business at 5651 South National Drive, Knoxville, Tennessee 37914-6520. It may be served with process through service upon its Registered Agent, Douglas A. Hammond, at 5651 South National Drive, Knoxville, Tennessee 37915-6520.

5. Defendant Jeff Kenley ("Kenley"), d/b/a Trademark Investments is a citizen and resident of Morristown, Tennessee, and he may be served with process at 2855 Inman Bend Road, Morristown, Tennessee 37814.

## JURISDICTION AND VENUE

6. This action is brought under the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 and under Tennessee Declaratory Judgment Act, Tenn. Code Ann. § 29-14-101 *et seq.* Owners seeks a declaratory judgment concerning its rights and obligations under a policy of insurance issued to Kenley. Owners also brings this action pursuant to Tennessee law of unjust enrichment, quasi-contract, and implied contract.

7. This action concerns an actual controversy over whether Owners has a duty to defend or indemnify Kenley pursuant to the policy of insurance issued to Kenley.

8. Venue is proper in this district and division because Defendants Hawkins and Teton are located in this judicial district and division.

9. Venue is proper in this Court pursuant to 28 U.S.C. 1391(b)(1) as Defendants reside in the Eastern District of Tennessee and all Defendants are residents of the State of Tennessee.

10. The Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §1332(a) in that there is complete diversity of citizenship between Plaintiff and Defendants and the amount in controversy exceeds the sum or value of $75,000.00 exclusive of interest and costs.

11. Plaintiff is a citizen and resident of Ohio and Michigan and Defendants are citizens and residents of Tennessee. As a result, complete diversity of citizenship exists.

12. In this Declaratory Judgment action, Owners seeks the declaration that it has no duty to defend or indemnify Kenley for claims in a lawsuit brought against him by Hutsell. The

underlying lawsuit is styled *George Hutsell v. George Hawkins, Sr., D&L Leasing, LLC, Teton Transportation, Inc., and Jeff Kenley d/b/a Trademark Investments*, Hamblen County Circuit Court, No. 10-CV-155 (the "Action"). A copy of the Complaint and Amended Complaint filed in this action are attached hereto collectively as ***Exhibit 1*** and are incorporated by reference into this Complaint for Declaratory Judgment.

13. In the Action, Hutsell seeks damages against Hawkins, Teton, and Kenley in the total amount of $1,000,000.00 for compensatory damages.

14. The claims brought by Hutsell exceed the minimum amount in controversy requirement of $75,000.00 required by this Court to exercise jurisdiction over this matter.

15. The policy limits of $1,000,000.00 for liability coverage under the insurance policy issued by Owners to Kenley exceed the amount in controversy requirement of $75,000.00 required for this Court to exercise jurisdiction over this matter.

16. The amount in controversy in this declaratory judgment action exceeds the sum or value or $75,000.00 exclusive of interest and costs.

17. This Court has personal jurisdiction over all Defendants as all of the Defendants are found in the Eastern District of Tennessee.

## SPECIFIC ALLEGATIONS

18. The policy issued to Kenley is a Tailored Protection Policy that includes liability coverage (the "Policy").

19. The Policy number for the Policy is 094619-03037853-09.

20. The Policy originally was issued to All Star Construction & Demolition LLC.

3

21. The Policy has an effective date of October 28, 2009 through October 28, 2010. A certified copy of the Policy is attached hereto as *Exhibit 2*, and it is incorporated herein by reference into this Complaint for Declaratory Judgment.

22. On December 18, 2009, the Policy was amended to change the named insured to All Star Construction & Demolition, LLC, Trademark Investments LLC, X-Treme Developments LLC, KJ and J LLC and Jeff Kenley.

23. The Policy contains the following language as part of the insuring agreement:

**SECTION I – COVERAGES**
**COVERAGE A. BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

1. **Insuring Agreement**
   a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies.
   b. This insurance applies to "bodily injury" and "property damage" only if:
      (1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";
      (2) The "bodily injury" or "property damage" occurs during the policy period; and

2. **Exclusions**
   This insurance does not apply to:
   a. **Expected Or Intended Injury**
      "Bodily injury" or "property damage" expected or intended from the standpoint of the insured. This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.
   j. **Damage to Property**
      "Property damage" to:

4

  (5) Personal property in the care, custody or control of, or over which physical control is being exercised for any purpose by any insured;

**SECTION V – DEFINITIONS**

14. "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions

18. "Property damage" means:

 **a.** Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

 **b.** Loss of use of tangible property that is not physically injured. All such loss shall be deemed to occur at the time of the "occurrence" that caused it.

24. This declaratory judgment action arises out of a civil action filed in Hamblen County, Tennessee.

25. On or about June 9, 2010, Hutsell commenced a civil action against Hawkins, DC FIN SVCS Amer LLC, and Kenley in Hamblen County Circuit Court.

26. The complaint filed by Hutsell was later amended and with the amendment, Hutsell dropped his claims against DC FIN SVCS Amer LLC and brought claims against D&L Leasing, LLC and Teton.

27. Teton later filed an Answer to a Third-Party Claim brought by Kenley and acknowledged that it was both the employer of Hawkins and the owner of the 18-wheel tractor trailer that Hawkins was operating at the time of the incident. As a result, D&L Leasing, LLC, does not have an interest in whether Kenley has insurance coverage for the claims made by Hutsell.

5

28. The civil action brought by Hutsell is currently styled *George Hutsell v. George Hawkins, Sr., D&L Leasing, LLC, Teton Transportation, Inc., and Jeff Kenley d/b/a Trademark Investments*, Hamblen County Circuit Court, No. 10-CV-155 (the "Action").

29. The complaint in the Action alleges that Kenley is the owner of a warehouse located at 1000 Trade Street in Morristown, Tennessee. *See Exhibit 2*, ¶1.

30. The complaint alleges that Hutsell entered into a lease agreement with Kenley in January of 2010 to store building supplies, including metal doors, glass inserts, door machines, building supplies and products, vinyl fencing, door components and other building supplies in the building owned by Kenley located at 1000 Trade Street in Morristown that was adjacent to Hutsell's place of business. *See Exhibit 2*, ¶2.

31. The complaint in the Action alleges that on January 8, 2010, Hawkins, while employed by Teton drove a 2007 Freightliner 18-wheel tractor bearing license plate number 47126 HZ into the building located at 1000 Trade Street owned by Kenley. *See Exhibit 2*, ¶2.

32. The complaint in the Action alleges that as a result of the collision of the tractor-trailer and the building owned by Kenley, the building was damaged and the inventory stored therein by Hutsell was made inaccessible due to the damage to the building. *See Exhibit 2*, ¶2.

33. The complaint in the Action alleges that subsequent to the collision of the truck and the building, Kenley refused to allow Hutsell to have access to his inventory, to remove his inventory, or to take any measures to secure the inventory to keep it from further damage from the elements as well as damage to the building. *See Exhibit 2*, ¶3.

34. The complaint in the Action alleges that in addition to the actions of Kenley, no other Defendant in the Action took any action to mitigate Hutsell's damages as a result of the collision of the tractor-trailer with the building. *See Exhibit 2*, ¶3.

35. The complaint in the Action alleges that as a result of the damage to the building caused by Hawkins and Teton and the refusal of Kenley to mitigate the damages to Hutsell's inventory, Hutsell lost most of his merchandise, has had to spend large amounts of money on inventory replacement and has suffered considerable loss of income from his building supply business and continues to do so. *See **Exhibit 2**,* ¶4.

36. The complaint in the Action alleges that because of the negligence of all defendants in the Action as well as their actions and failures to act, Hutsell has suffered tremendous loss and continues to suffer tremendous loss and that the Defendants in the Action are jointly and severally liable for Hutsell's losses. *See **Exhibit 2**,* ¶5.

37. The complaint in the Action demands the following relief in the Prayer for Relief:

    (a) That process be served upon the Defendants in the Action requiring them to appear and answer;

    (b) That Hutsell be awarded judgment in the amount of $1,000,000.00 against all Defendants in the Action for the loss of merchandise, inventory replacement and loss of income he has suffered as a result of the negligence of the Defendants in the Action;

    (c) That Hutsell have other further and general relief to which he may show himself entitled upon the hearing of the Action.

38. With the filing of the amended complaint, Hutsell dropped all claims against DC FIN SVCS Amer LLC and instituted those claims against D&L and Teton.

39. Teton has acknowledged that it is the employer of Hawkins and the owner of the 18-wheel tractor-trailer he was operating at the time of the incident, and that D&L Leasing, LLC did not own the tractor-trailer.

40. Kenley requested that Owners provide a defense to him in the Action pursuant to the Policy.

41. Owners agreed to provide a defense to Kenley subject to a reservation of rights, and Owners transmitted to Kenley a reservation of rights letter.

42. The Policy does not provide coverage Kenley for the claims made against him in the Action.

43. Specifically the claims in the Action allege that Kenley refused to allow Hutsell to have access to his inventory, to remove his inventory, or to take any measures to secure the inventory to keep it from further damage. Such claims fail to meet the occurrence/accident requirement for property damage coverage, and these claims trigger application of the exclusions for property damage to property in the insured's care, custody and control, and for property damage expected or intended from the standpoint of the insured.

44. In doing so and according to the complaint filed in the Action, Kenley exercised care, custody and control over Hutsell's personal property and also exercised physical control over Hutsell's personal property, resulting in alleged property damage to Hutsell's personal property allegedly attributable to Kenley.

45. At the time of the alleged property damage to Hutsell's personal property by Kenley, Kenley was exercising care, custody, or control over Hutsell's personal property and/or exercised physical control over Hutsell's personal property.

46. The Policy excludes coverage for damage to personal property over which any insured exercises physical control for any purpose or over which any insured exercises care, custody, or control.

8

767800.2

Case 2:12-cv-00419-HSM-SKL Document 1 Filed 10/16/12 Page 8 of 12 PageID #: 8

47. The allegations in the complaint in the Action do not meet the definition of an "occurrence" under the Policy. Kenley's refusal to allow Hutsell to have access to Hutsell's inventory is not an unexpected event that cannot reasonably be foreseen.

48. Instead, Kenley's refusal to allow Hutsell to have access to Hutsell's inventory was a deliberate and intentional act.

49. As a result, Kenley's refusal to allow Hutsell to have access to Hutsell's inventory is not an accident and therefore not an occurrence under the Policy.

50. Kenley's refusal to allow Hutsell to have access to Hutsell's inventory was an intentional and deliberate act and damage to Hutsell's property through loss of use and/or eventual destruction was reasonably expected and/or intended as a result.

51. Kenley refused to allow Hutsell to take steps to protect his inventory and prevent further loss to Hutsell's inventory. Damage to Hutsell's inventory would be reasonably expected to result from Kenley's action.

52. As a result, the expected/intended exclusion contained in the Policy excludes coverage for the claims made against Kenley in the Action.

53. The Policy does not provide coverage for the claims made in the Action against Kenley.

54. Owners does not have a duty under the Policy to defend Kenley in the Action.

55. Owners does not have a duty under the Policy to indemnify Kenley for any judgment entered against him in the Action.

56. Owners issued a reservation of rights letter to Kenley, through counsel, on August 16, 2012, that supplemented its initial reservation of rights letter.

9

57. The August 16, 2012 letter specifically advised Kenley of Owners' reservation of its right to reimbursement of liability defense attorneys fees and costs expended in defending Kenley in the Action incurred after 14 days from the August 16, 2012 letter.

58. Owners provided timely, specific and adequate notice to Kenley that it would seek reimbursement of the costs and fees it incurred in defending Kenley in the Action if a determination was made that Owners had no duty to defend Kenley.

59. Kenley has been unjustly enriched through the receipt of legal defense services provided by Owners to which he is not entitled under the Policy.

60. Hutsell is a proper party to this declaratory judgment action because he is the Plaintiff in the Action and has brought claims against Kenley, and this declaratory judgment action will determine whether there is insurance coverage for Kenley.

61. Hawkins is a proper party to this declaratory judgment action because he has an interest in whether Kenley, a co-defendant in the Action, has insurance coverage under the Policy to provide a defense to Kenley or to pay any judgment that may be entered against Kenley in the Action.

62. Teton is a proper party to this declaratory judgment action because it has an interest in whether Kenley, a co-defendant in the Action, has insurance coverage under the Policy to provide a defense to Kenley or to pay any judgment that may be entered against Kenley in the Action.

63. Kenley is a proper party to this declaratory judgment action because he is a possible insured under the Policy and this declaratory judgment action will determine whether he has insurance coverage under the Policy to provide a defense to him in the Action and to indemnify him for any judgment entered against him in the Action.

64. The Defendants in this declaratory judgment action are proper parties to this case pursuant to Tenn. Code Ann. §29-14-107.

65. Neither Owners nor any of the Defendants in this declaratory judgment action have sought, by any other legal action, to have their respective rights under the Policy at issue adjudicated under the facts and circumstances presented herein regarding the claims made by Hutsell against the Defendants in the Action.

66. In addition to declaratory relief, Owners demands judgment against Kenley for unjust enrichment in an amount equal to all liability defense attorneys fees and costs expended by Owners on Kenley's behalf from August 31, 2012 through the date of judgment in this lawsuit.

67. Owners seeks reimbursement of the liability defense attorneys fees and costs expended by Owners on Kenley's behalf from August 31, 2012 through the date of judgment in this lawsuit on the legal theories of unjust enrichment, quasi-contract, and implied contract.

WHEREFORE, Owners prays:

(a) That service of process be issued and served upon the Defendants listed above;

(b) That this Court enter an Order declaring that Owners does not have any duty or obligation to defend Kenley in the Action or to indemnify Kenley in the Action for any judgment entered against him in the Action because the Policy does not provide insurance coverage for the claims and damages alleged in the Action;

(c) That this Court enter Judgment in favor of Owners and against Kenley in an amount equal to all liability defense attorneys fees and costs expended by Owners in defending Kenley in the Action from August 31, 2012 through the date of judgment in this lawsuit; and

(d) For such other relief as the Court deems equitable and necessary under the circumstances.

Respectfully submitted this 16th day of October, 2012.

WOOLF, McCLANE, BRIGHT, ALLEN & CARPENTER, PLLC

*s*/Dean T. Howell
Howard E. Jarvis, Esq. (BPR No. 006673)
Dean T. Howell, Esq. (BPR No. 022130)
Post Office Box 900
Knoxville, Tennessee 37901-0900
Telephone: (865) 215-1000
Facsimile: (865) 215-1001

*Attorneys for Plaintiff Owners Insurance Company*

12