UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

OWNERS INSURANCE COMPANY,  )
                            )
    Plaintiff,            )
                            )
v.                          )   No. 2:12-cv-419-HSM-SKL
                            )
GEORGE HUTSELL, *et al.*,   )
                            )
    Defendants.          )

## MEMORANDUM AND ORDER

Before the Court is Plaintiff's motion to amend the complaint [Doc. 63],[1] with its proposed amended complaint [Doc. 63-1], more than 1000 pages of exhibits [Doc. 63-2, 63-3, 63-4, 63-5, 63-6, 63-7, 63-8, 63-9, 63-10], and a memorandum in support [Doc. 55]. The allegations pertaining to this action have been summarized by the Court in at least two prior orders, and they need not be repeated in full again [Docs. 35 & 43]. It is sufficient to say that Defendant Kenley and Plaintiff have asserted competing claims for declaratory judgment concerning questions of insurance coverage. Plaintiff seeks to amend its complaint in order to set forth additional "facts and events" occurring after the filing of the initial complaint, including allegations about the resolution of a lawsuit brought against Defendant Kenley by Defendant Hutsell [Doc. 63 at Page ID # 2507]. Defendant Kenley has filed a response in opposition to the motion to amend [Doc. 70], Defendant Hutsell has filed no response, and Plaintiff filed its reply [Doc. 73]. The motion is now ripe.

---

[1] Plaintiff initially filed a motion to amend [Doc. 54] on March 25, 2014, but did not comply with the Electronic Case Filing Rules and Procedures of this District. Plaintiff filed a motion in compliance with the rules [Doc. 63] on April 2, 2014. For purposes of timeliness under the Court's scheduling order [Doc. 38], the effective filing date of Plaintiff's correctly-filed motion to amend [Doc. 63] will be considered March 25, 2014.

**I.     STANDARDS**

Rule 15(a)(1) of the Federal Rules of Civil Procedure allows amendments to pleadings "once as a matter of course" within "21 days after serving [the pleading], or if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Plaintiff filed its motion to amend more than 21 days after Defendant Kenley answered the complaint, and thus Plaintiff may not amend as a matter of course. Where a party does not have the right to amend as a matter of course, "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). "In deciding whether to grant a motion to amend, courts should consider undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment." *Brumbalough v. Camelot Care Ctrs.*, 427 F.3d 996, 1001 (6th Cir. 2005) (citations omitted).

A proposed amendment is futile if it would not withstand a motion to dismiss pursuant to Rule 12(b)(6). *See Brown v. Owens Corning Inv. Review Comm.*, 622 F.3d 564, 574 (6th Cir. 2010) (citing *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000)). Thus, when analyzing the futility of a proposed amendment, the court uses the same analysis as for a motion to dismiss, and matters outside the pleadings may not be considered. *See Rose*, 293 F.3d at 420; Fed. R. Civ. P. 12(d).

To survive a motion to dismiss under Rule12(b)(6), a plaintiff must plead facts that, if true, state a claim to relief that is plausible on its face. *Bell Atlantic v. Twombly*, 550 U.S. 544, 569 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Flanory v. Bonn*, 604 F.3d 249, 252 (6th Cir. 2010). A court must determine not whether the claimant will ultimately prevail, but whether the

claimant is entitled to offer evidence to support the claim. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). While the court must construe the complaint in the light most favorable to the claimant and accept as true all well-pleaded factual allegations, legal conclusions and unwarranted factual inferences need not be accepted as true. *See Mixon v. Ohio*, 193 F.3d 389, 400 (6th Cir. 1999). If a court does consider material outside the pleadings when considering a motion to dismiss, the motion must be treated as a motion for summary judgment under Fed. R. Civ. P. 56 and all parties must be given a reasonable opportunity to present all material pertinent to the motion. *Rondigo, L.L.C. v. Twp. of Richmond*, 641 F.3d 673, 680 (6th Cir. 2011). A court, however, may properly consider "exhibits attached to the complaint, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss 'so long as they are referred to in the complaint and are central to the claims contained therein,' without converting the motion to one for summary judgment." *Rondigo*, 641 F.3d at 680-81 (quoting *Bassett v. National Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008).

## II.   ANALYSIS

In his response to Plaintiff's motion to amend, Defendant Kenley categorizes the additional allegations in Plaintiff's proposed amended complaint into four categories: (1) allegations regarding the jury verdict and judgment rendered against Defendant Kenley in the Hamblen County Circuit Court lawsuit brought by Defendant Hutsell; (2) allegations regarding additional purported policy forms that were not included in the initial complaint; (3) allegations regarding prior litigation between Defendant Kenley and Plaintiff, including settlement agreement documents; and (4) allegations that Defendant Kenley has admitted having custody, care, or control over Defendant Hutsell's property. Defendant Kenley represents that he does not oppose the proposed amendment with respect to the first two categories, but he does oppose the third and

3

fourth categories. Defendant Kenley argues that the third and fourth categories of the proposed amendment should not be permitted because of (1) undue delay, (2) violations of Rule 408 of the Federal Rules of Evidence, and (3) inaccuracy. While Defendant Kenley repeatedly states that Plaintiff's allegations in the amended complaint are futile, Defendant Kenley does not actually argue futility. The Court will address each of Defendant Kenley's three arguments in turn.

### A. Undue Delay

Regarding the third category of allegations, those involving previous litigation and settlement between Defendant Kenley and Plaintiff, Defendant Kenley contends that Plaintiff has unduly delayed its request to amend its complaint. Defendant Kenley argues that Plaintiff's motion to amend should be denied on this basis, due to the allegedly severe prejudice that Defendant Kenley will suffer. Defendant Kenley notes that a previous case between himself and Plaintiff, which he refers to as the "All Star Action," began four years and ended two and a half years prior to Plaintiff's motion to amend. Defendant Kenley notes that Plaintiff's original complaint was filed one and a half years prior to Plaintiff's motion to amend, and he further notes that Plaintiff did not file its motion to amend until nine months after Plaintiff had filed its answer to Defendant Kenley's counterclaim. Because Plaintiff knew of the prior litigation and its settlement before Plaintiff filed its complaint in the instant matter, Defendant Kenley contends that Plaintiff should not be permitted to amend its complaint with allegations regarding the previous litigation and settlement between the two parties. Defendant Kenley argues that the delay will severely prejudice him due to the late stage of the litigation.

In reply, Plaintiff argues that there is no undue delay in the filing of its motion to amend, as it was filed within the Court's deadline for amendments to the pleadings under the scheduling order [Doc. 38]. Plaintiff also argues Defendant Kenley's recently amended counterclaim raised

4

new allegations that made Plaintiff's amended complaint necessary and notes that it filed its motion to amend only four days after Defendant Kenley filed his amended counterclaim.

Ordinarily, delay on its own is not sufficient to justify denial of leave to amend, but "[a]t some point, however, delay will become undue, placing an unwarranted burden on the court, or will become prejudicial, placing an unfair burden on the opposing party." *Morse v. McWhorter*, 290 F.3d 795, 800 (6th Cir. 2002) (quoting *Adams v. Gould*, 739 F.2d 858, 863 (3d Cir. 1984)) (internal quotation marks omitted). "Delay alone, regardless of its length is not enough to bar it [amendment] if the other party is not prejudiced." *Duggins v. Steak 'N Shake, Inc.*, 195 F.3d 828, 834 (6th Cir. 1999) (quoting *Moore v. City of Paducah*, 790 F.2d 557, 562 (6th Cir. 1986)) (internal quotation marks omitted) (alteration in original). Courts typically find undue delay in cases that are post-judgment, *Morse*, 290 F.3d at 800, and in cases where discovery has closed and dispositive motions deadlines have passed, *Duggins*, 195 F.3d at 834.

Here, Plaintiff's motion to amend was timely filed in compliance with the Court's scheduling order, albeit on the day of the deadline and not in compliance with the local rules. Nevertheless, Plaintiff sought leave to amend approximately two months prior to the close of discovery and approximately three months prior to the dispositive motions deadline. Plaintiff also gave valid reasons for the timing of its motion to amend. The Court does not find a "significant showing of prejudice" to Defendant Kenley or undue delay. *See Moore*, 790 F.2d at 562.

### B. Violations of the Federal Rules of Evidence

Defendant Kenley next argues that Plaintiff's allegations regarding the prior litigation and settlement agreement between Plaintiff and Defendant Kenley (the third category) violate Rule 408 of the Federal Rules of Evidence, and thus the allegations are inadmissible. The prior

litigation, which Defendant Kenley refers to as the All Star Litigation, involved Defendant Kenley suing Plaintiff in order to recover the direct damages to Defendant Kenley's property. The instant case involves whether Plaintiff is obligated to pay Defendant Kenley for Defendant Hutsell's claim against him. Both cases arise out of the same incident in which a tractor-trailer collided with a building owned by Defendant Kenley.

Rule 408 provides that compromise negotiations to settle a claim are not admissible to "prove or disprove the validity or amount of a disputed claim or to impeach by a prior inconsistent statement or a contradiction." Fed. R. Evid. 408. Plaintiff cites several cases from district courts outside this circuit where the courts struck allegations referencing settlement negotiations; however, these cases are distinguishable as they involved settlement negotiations of the claim involved in the case rather than settlement of a separate claim. Whether the prior litigation and settlement between the parties on the prior lawsuit is admissible at trial does not determine whether Plaintiff may include these allegations in its amended complaint. *See Jewell v. Shelby County Gov't*, No. 13-2048-STA-dkv, 2013 WL 5306102, at *8 (W.D. Tenn. Sept. 20, 2013) ("Rule 408 is a rule of evidence governing admissibility, not a rule of pleading."). Because Rule 408 allows evidence of settlement negotiations for other purposes, Defendant Kenley cannot establish at this juncture that the paragraphs regarding the prior litigation and settlement in Plaintiff's proposed amended complaint have no possible relation to the controversy in this case.

### C. Inaccuracy

Defendant Kenley's final argument is that Plaintiff's amended allegations regarding the fourth category (Defendant Kenley's alleged admission that he had custody, care, or control over Defendant Hutsell's personal property) is false and inaccurate. Defendant Kenley argues that Plaintiff should therefore not be permitted to insert the allegation into its amended complaint.

6

Defendant Kenley provides no case law, rule, or other authority in support of his argument that a factually inaccurate allegation (which the Court makes no finding of here) is grounds to deny an amendment. In considering a motion to amend, the Court does not conduct an inquiry into the veracity of the allegations. If Defendant Kenley believes that Plaintiff's allegations are false or inaccurate, Defendant Kenley may state the same in his answer to Plaintiff's amended complaint and take appropriate actions under Fed. R. Civ. P. 11.

## III. CONCLUSION

For the reasons explained above, Plaintiff's motion to amend [Doc. 63] will be **GRANTED**. Due to Plaintiff's prior difficulty in filing the voluminous exhibits, Plaintiff is hereby **ORDERED** to coordinate the filing of the amended complaint with Rick Tipton, the Division Manager for the Greeneville Clerk's Office, within **7 days** of the entry of this order.

SO ORDERED.

ENTER:

s/ *Susan K. Lee*
SUSAN K. LEE
UNITED STATES MAGISTRATE JUDGE

7